| | |
|---|---|
| CORY HEDRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:13-CV-409-TAV-HBG |
| ) | |
| TENNESSEE VALLEY AUTHORITY ) | |
| BOARD OF DIRECTORS, for TENNESSEE ) | |
| VALLEY AUTHORITY, and all its ) | |
| successors in interest, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

This civil action is before the Court on defendant, Tennessee Valley Authority's ("TVA") Motion to Dismiss [Doc. 7]. Defendant moves the Court, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss plaintiff's complaint for lack of standing and for failure to state a claim upon which relief can be granted. Plaintiff has failed to file a response, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2. For the reasons set forth below, and after considering the relevant law, the Court will **GRANT** defendant's motion to dismiss plaintiff's complaint.

**I.     Background**[1]

Plaintiff began working for defendant as a "staff augmented personnel" through G.UB.MK, which was "under contact with TVA," on March 10, 2011 [Doc. 1 ¶ 10].

---

[1] For the purposes of a motion to dismiss, the Court takes plaintiff's factual allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that "when ruling on a defendant's motion to dismiss, a judge must accept as true all factual allegations contained in the complaint." (citations omitted)).

Plaintiff alleges that, under the arrangement between TVA and G.UB.MK, defendant "had control over the manner and means of [his] duties" [*Id.*]. Therefore, defendant was plaintiff's employer [*Id.*].[2] According to the complaint, plaintiff, "the only African-American working the de-water side of the Kinston Fossil project," was subjected to an atmosphere of discrimination based on his race almost immediately upon his employment with defendant [*Id.* ¶ 14].

Plaintiff alleges that almost every day, his co-workers directed racially discriminatory remarks and racial slurs towards him and called him derogatory names [*Id.* ¶¶ 15–16]. Plaintiff also alleges that he was forced to endure disparate treatment because of his race, and his attempts to report the treatment was met with threats of termination [*Id.* ¶ 18]. In addition to the allegations of racial discrimination, plaintiff also states that he was subjected to "sexually inappropriate comments" by a female co-worker on an almost daily basis [*Id.* ¶ 17].

Plaintiff alleges that because of the pervasive and on-going discrimination, he requested to be transferred to another job site, which culminated in his work hours being cut from 100-hour weeks to 40-hour weeks [*Id.* ¶ 23]. Plaintiff believes that this change was tantamount to constructive discharge [*Id.*].

After several attempts to report the discriminatory actions he was facing, plaintiff was told by Mr. Brian Greene of TVA to put his complaints in writing [*Id.* ¶ 25]. Plaintiff alleges that afterward, defendant began to take retaliatory steps against him [*Id.*

---

[2] For the purposes of this motion to dismiss, defendant does not contest plaintiff's status as an employee of TVA [Doc. 8].

2

¶ 26]. After meeting with defendant's labor relations and human resources departments, plaintiff "initiated the TVA EEO Counselling Process" on September 26, 2011 [*Id*. ¶ 27]. Plaintiff claims that he was terminated three days later "in retaliation by or at the behest of [G.UB.MK] and TVA" [*Id*. ¶ 28]. Furthermore, plaintiff claims that he was again retaliated against in January 2013 "when he was called back to work only very briefly on the Kingston site and subjected to conditions concerning his health status that were applied only to him and not as to others similarly situated" [*Id*. ¶ 34].

On December 23, 2011, plaintiff was "provided a Notice of Right to File a Discrimination Complaint" after EEO Counselling proved unsuccessful [*Id.* ¶ 5]. Plaintiff then filed an administrative complaint against defendant on January 11, 2012 [*Id*.].

On January 31, 2012, plaintiff initiated a Chapter 7 bankruptcy proceeding seeking a discharge of $678,021.21 in estimated debts [Doc. 8].[3] Plaintiff filed a "Statement of Financial Affairs," as part of his bankruptcy proceeding, "in which he was required to inform the bankruptcy court of 'all suits and administrative proceedings to which he is or was a party within one year immediately preceding the filing of the bankruptcy case'" [*Id.* (citations omitted)]. Plaintiff, however, listed only two cases in which he was a defendant as well as a potential claim against TVA for wrongful termination, and he listed an aggregate value of the listed property, including his potential claim against

---

[3] The Court may take judicial notice of plaintiff's bankruptcy proceeding. *See Granader v. Pub. Bank*, 417 F.2d 75, 82 (6th Cir. 1969) ("Federal courts may take judicial notice of proceedings in other courts of record."); *see also Hedrick v. G.UM.BK Constructors*, No. 3:12-CV-523, slip op. at PageID 415 (E.D. Tenn. Sept. 9, 2013).

3

TVA, as "0.00" [*Id.*]. Plaintiff did not list his pending EEO administrative proceeding against TVA [*Id.*].

Plaintiff commenced this action on July 12, 2013, asserting claims for a hostile work environment on the basis of racial and sexual discrimination under Title VII of the Civil Rights Act of 1964 and the Tennessee Human Rights Act (the "THRA") [Doc. 1].

## II. Standard of Review

In its motion to dismiss, defendant argues, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, that plaintiff lacks standing to pursue this matter, and that plaintiff has failed to state a claim upon which relief can be granted.

### A. Lack of Standing

A motion to dismiss for lack of standing is properly brought under Rule 12(b)(1). *Leffew v. Kugler*, 220 B.R. 598, 601(E.D. Tenn. 1998). A Rule 12(b)(1) motion to dismiss based on lack of subject matter jurisdiction falls into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A facial attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974)). On the other hand, a factual attack "is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320,

4

325 (6th Cir. 1990)). Therefore, "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*.

B. **Failure to State a Claim**

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a

5

plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id*. at 679.

### III. Analysis

#### A. Year-2011 Claims

Defendant has moved to dismiss all of plaintiff's claims that arose in 2011 advancing two independent theories: (1) plaintiff lacks standing because his claim against defendant is part of the bankruptcy estate, and (2) plaintiff is judicially estopped from bringing the present claim because he failed to disclose it to the bankruptcy court [Doc. 8]. In the alternative, defendant argues that plaintiff's claim for sexual harassment that arose in 2011 should be dismissed because plaintiff has failed to plead sufficient facts to state a claim for which relief can be granted [*Id.*].[4]

The Bankruptcy Code provides that the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case." 11 U.S.C. § 541(a)(1). The debtor's interest in property includes causes of action, including tort claims that accrued before the debtor filed for bankruptcy. *See Auday v. Wetseal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012) (finding that the plaintiff's age-discrimination claim that accrued after she was terminated became the property of her estate when she filed for bankruptcy four days after her termination). When a bankruptcy petition is filed, the trustee becomes the representative of the estate, and it is the trustee who has "capacity to sue and be sued." 11 U.S.C. § 323(a)–(b).

---

[4] Because the Court finds that defendant's motion to dismiss the year-2011 claims should be granted based on lack of standing, the Court does not reach the issue of judicial estoppel or defendant's alternative argument.

6

Because the debtor's causes of action become vested in the bankruptcy trustee for the benefit of the bankruptcy estate, [t]he debtor has no standing to pursue such causes of action." *Dutka v. Rosenthal*, No. 96-1134, 1997 WL 225510, at *2 (6th Cir. May 1, 1997). "Only if a trustee formally abandons a claim does that claim revest in the debtor, enabling the debtor to then bring suit." *DeMarco v. Ohio Decorative Prods., Inc.*, No. 92-2294, 1992 WL 322377 at *5 (6th Cir. Feb. 25, 1994) (citing *Mgmt. Investors v. United Mine Workers of Am.*, 610 F.2d 384, 392 (6th Cir. 1979)). "When the [debtor] fails to list an asset, he cannot claim abandonment because the trustee has had no opportunity to pursue the claim." *Id.* (quoting *Stein v. United Artists Corp.*, 691 F.2d 885, 891 (9th Cir. 1982)).

Here, plaintiff filed for bankruptcy on January 31, 2012, after his claims against defendant that arose in 2011 had accrued and was already pending in an administrative proceeding [Doc. 8]. *See Hedrick v. G.UB.MK Constructors*, No. 3:12-bk-30362 (Bankr. E.D. Tenn. Jan. 31, 2012). Because plaintiff's claims accrued before he filed for bankruptcy, they became vested in the bankruptcy estate. Therefore, plaintiff does not have standing to bring these claims. *See Auday*, 698 F.3d at 904 (holding that the plaintiff did not have standing to bring her claims after she filed her bankruptcy petition).

While plaintiff could bring his claims that arose in 2011 against defendant if the trustee abandoned those claims, there is no indication that the bankruptcy trustee ever abandoned them. Only properly scheduled property can be abandoned, *In re Orth*, 251 B.R. 333, 335 (Bankr. W.D. Mich. 2000), and here, the claims were never properly

7

scheduled, *In re Hedrick*, No. 3:12-bk-30362 Doc. 25 at 1, ¶ 2 (Bankr. E.D. Tenn. July 29, 2013). *See Auday*, 698 F.3d at 905 (finding that the plaintiff's claim had not reverted back to the plaintiff because her bankruptcy proceeding remained open on the bankruptcy court's docket and the plaintiff did not list the discrimination claim against her former employer as an asset); *In re Cundiff*, 227 B.R. 476, 478–79 (B.A.P. 6th Cir. 1998) (holding that he trustee cannot abandon property that has not been properly scheduled); *accord Tilley v. Anixter, Inc.*, 332 .R. 501, 508 (D. Conn. 2005) ("Even the close of the bankruptcy case does not permit the debtor to assert a claim that has not been properly abandoned.").

In light of the foregoing, the Court finds that all of plaintiff's claims against defendant that arose in 2011 should be dismissed because plaintiff lacks standing to assert these claims.

### B. January 2013 Claims

Having found that plaintiff lacks standing to bring his year-2011 claims, the Court now turns to plaintiff's only remaining claims—his allegation that he was subjected to further retaliation and disparate treatment in January 2013. Defendant moves the Court to dismiss these claims, arguing that plaintiff has failed to state a claim for which relief can be granted [Doc. 8]. The Supreme Court has held that "[a] plaintiff making a retaliation claim . . . must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013).

In this case, plaintiff's complaint fails to provide any facts that can lead the Court to infer that defendant engaged in retaliatory actions in January 2013. Rather, plaintiff's complaint merely states that: "Mr. Hedrick was again retaliated against as recently as January 2013, when he was called back to work only very briefly on the Kingston site and subjected to conditions concerning his health status that were applied only to him and not as to others similarly situated" [Doc. 1 ¶ 34]. Nothing in plaintiff's complaint indicates what actions defendant took against him or how his protected activity—his opposition to racial and sexual harassment—was a "but-for cause" of defendant's retaliatory actions. Rather, plaintiff's complaint merely provides conclusory statements and accusations that do not "allow the [C]ourt to draw the reasonable inference that . . . defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Therefore, even construing the facts in the light most favorable to the plaintiff, the Court finds that plaintiff has failed to plead sufficient facts to state a claim for relief that is plausible on its face. For this reason, the Court finds that plaintiff's January 2013 claims should be dismissed.

### C. State Law Claims

Finally, defendant has moved the Court to dismiss plaintiff's claims under the THRA on the grounds that Title VII is an exclusive remedy for federal employees [Doc. 8]. The Sixth Circuit has held that "[I]n amending Title VII to include federal employees, 'Congress created an exclusive remedy for claims of discrimination in federal employment.'" *Davis v. Runyon*, No. 96-4400, 1998 WL 96558, at *5 (6th Cir. Feb. 23,

9

Case 3:13-cv-00409-TAV-HBG   Document 10   Filed 04/18/14   Page 9 of 10   PageID #: 92

1998) (quoting *Forest v. United States Postal Serv.*, 97 F.3d 137, 141 (6th Cir. 1996) (internal quotation marks omitted)). In *Davis*, the court found that the plaintiff could not recover under the Ohio analog to Title VII because Title VII preempted state-law claims for discrimination against federal employers. *Id.* at *5.

Here, because defendant is an agency of the federal government, it is considered a federal employer. *See Jones v. Tenn. Valley Auth.*, 948 F.2d 258, 262 (6th Cir. 1991) (citing *McNabb v. Tenn. Valley Auth.*, 754 F. Supp. 118, 120 (E.D. Tenn. 1990)). As a result, to the extent that plaintiff was an employee of TVA, plaintiff was a federal employee. Therefore, plaintiff cannot bring a claim under the THRA because Title VII is the exclusive judicial remedy for claims of discrimination against a federal employer. *See Davis,* 1998 WL 96558, at *5.

For this reason, the Court finds that plaintiff's claims against defendant under the THRA should be dismissed because Title VII preempts these claims.

## IV. Conclusion

For the reasons stated above, the Court will **GRANT** Defendant's Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted [Doc. 7]. Plaintiff's complaint will be **DISMISSED** and the Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

10